**FILED**

JUL 3 0 2007

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT,
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JIMMIE L. DOSS, JR.,

    Plaintiff,

v.

CITY OF RICHMOND POLICE CHIEF, et al.,

    Defendants.

No. C 07-2472 MJJ (PR)

**ORDER OF DISMISSAL**

**(Docket No. 2)**

    Plaintiff, a California prisoner, filed this pro se civil rights complaint pursuant to 42 U.S.C. § 1983 against officers of the Richmond Police Department. He has applied for leave to proceed in forma pauperis.

    A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings, however, must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was

G:\PRO-SE\MJJ\CR.07\doss3.dsm.wpd

1  committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42,
2  48 (1988).
3       Plaintiff alleges that after officers of the Richmond Police Department arrested him,
4  they notified his family members of the whereabouts of plaintiff's car. Plaintiff's family
5  members went to pick up the car, and found that a "thief" was in the process of stealing
6  stereo equipment, and other items, from the car. Plaintiff's family members called the
7  police. When the officers arrived at the scene, the "thief" claimed that the stereo
8  equipment belonged to him, and the officers allowed him to take the equipment. The
9  officers then allowed plaintiff's family members to take plaintiff's car. Plaintiff claims that
10 the officers acted improperly in allowing the "thief" to take his stereo equipment, and he
11 seeks money damages for such action.
12      Ordinarily, due process requires notice and an opportunity for some kind of hearing
13 prior to the deprivation of a significant property interest. See Memphis Light, Gas &
14 Water Div. v. Craft, 436 U.S. 1, 19 (1978). However, neither the negligent nor
15 intentional deprivation of property states a due process claim under § 1983 if the
16 deprivation was random and unauthorized. See Parratt v. Taylor, 451 U.S. 527, 535-44
17 (1981) (state employee negligently lost prisoner's hobby kit), overruled in part on other
18 grounds, Daniels v. Williams, 474 U.S. 327, 330-31 (1986); Hudson v. Palmer, 468 U.S.
19 517, 533 (1984) (intentional destruction of inmate's property). The availability of an
20 adequate state post-deprivation remedy, e.g., a state tort action, precludes relief because it
21 provides sufficient procedural due process. See Zinermon v. Burch, 494 U.S. 113, 128
22 (1990); King v. Massarweh, 782 F.2d 825, 826 (9th Cir. 1986). California Law provides
23 such an adequate post-deprivation remedy. See Barnett v. Centoni, 31 F.3d 813, 816-17
24 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895). Plaintiff alleges that the officers'
25 allowing the "thief" to take his stereo equipment was not proper or authorized by any
26 government procedure. Plaintiff may follow the state law procedures for bringing a tort
27 claim against officers for such unauthorized actions resulting in the loss of his property,
28 but such a claim does not, even liberally construed, state a constitutional violation.

G:\PRO-SE\MJJ\CR.07\doss3.dsm.wpd                    2

1    Accordingly, this action is hereby DISMISSED for failure to state a claim upon which
2 relief can be granted.[1]  In light of this dismissal, the application to proceed in forma pauperis
3 is DENIED, and no filing fee is due.
4    This order terminates docket number 2.
5    The Clerk shall close the file.
6    IT IS SO ORDERED.
7 DATED: 7/26/2007

MARTIN J. JENKINS
8                                                  United States District Judge

---

28  [1]Leave to amend is not warranted because plaintiff's allegations establish that no constitutional violation took place.

G:\PRO-SE\MJJ\CR.07\doss3.dsm.wpd                3

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JIMMIE L DOSS,

        Plaintiff,

v.

CITY OF RICHMOND et al,

        Defendant.

Case Number: CV07-02472 MJJ

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 30, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jimmie L. Doss
Prisoner id 2007004034
901 Court Street
Martinez, CA 94553

Dated: July 30, 2007

Richard W. Wieking, Clerk
By: Edward Butler, Deputy Clerk